UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RALPH E. FLYNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:11-CV-416 |
| | ) | (VARLAN/GUYTON) |
| GMAC MORTGAGE, LLC, and FEDERAL | ) | |
| NATIONAL MORTGAGE ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This civil action is before the Court on Defendants' Motion to Dismiss [Doc. 5]. No response was filed, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2. For the reasons explained herein, the Court will grant defendants' motion and dismiss this case.

**I.    Background**

   **A.    Plaintiff's Allegations[1]**

On July 22, 2011, plaintiff Ralph E. Flynn commenced this action in the Circuit Court for Sevier County, Tennessee [Doc. 1]. Plaintiff alleges that he secured a mortgage through Homecomings Financial Network ("Homecomings") on January 30, 2004, which was secured by the property located at 1768 New Era Road, Sevierville, Tennessee [Doc. 1-2 ¶¶

---

[1] As defendants move to dismiss for failure to state a claim upon which relief may be granted, all facts and inferences to be drawn from the complaint are construed in plaintiff's favor.

1, 4]. Plaintiff alleges the mortgage was subsequently assigned to defendant GMAC Mortgage, LLC ("GMAC") [*Id.* ¶ 4].

Plaintiff asserts that a wrongful foreclosure took place on September 13, 2005, but prior to such foreclosure, he cured his debt and was promised that the foreclosure would not take place [*Id.* ¶ 5]. According to plaintiff, sometime between December 2009 and the date he filed his complaint, GMAC transferred or assigned his mortgage to Nationstar Mortgage ("Nationstar") [*Id.* ¶ 8]. Nationstar began foreclosure actions "based upon incorrect and possibly fraudulent data," but then transferred the mortgage back to GMAC [*Id.*].

On May 24, 2011, GMAC allegedly, "without first notifying [p]laintiff via certified mail, and only after publication reportedly took place in an unidentified newspaper, notified plaintiff that a foreclosure sale had taken place and plaintiff's property had been sold to defendant Federal National Mortgage Association ("Fannie Mae") [*Id.* ¶ 9]. Plaintiff asserts he "only realized that a foreclosure sale took place after a detainer action [was] filed by [d]efendant Fannie Mae" [*Id.* ¶ 12].

On the basis of these allegations, plaintiff asserts five causes of action: (1) violation of the Tennessee Consumer Protection Act ("TCPA"); (2) fraud and intentional misrepresentation; (3) negligent misrepresentation; (4) breach of contract; and (5) slander of title [*Id.* ¶¶ 15–31].

### B. Additional Facts Provided by Defendants[2]

On February 22, 2011, GMAC sent plaintiff a letter to 1768 New Era Road, Sevierville, Tennessee, because plaintiff defaulted on his mortgage [Doc. 6]. The letter notified plaintiff of the right to foreclose and provided that the holder of the Deed of Trust has the right to begin the process of foreclosing on the debt and sell the property at a public auction any time after sixty days from the date of the notice [*Id.*; Doc. 5-2]. The letter also instructed plaintiff to contact the lender, servicer, or creditor listed regarding his options, and it warned plaintiff that "[f]ailure to satisfy payment obligations may result in the loss of [his] home" [*Id.*].

Another notice was sent to plaintiff by certified and regular mail on April 25, 2011 [Doc. 6]. The letter included a Notice of Trustee's Sale and provided notice that default had occurred on the mortgage, that the entire indebtedness had been declared due, and that the

---

[2]Defendants attach four exhibits to their motion to dismiss. In general, when a court is presented with matters outside the pleadings on a Rule 12(b)(6) motion to dismiss, the court must either exclude the materials or convert the motion into one for summary judgment. Fed. R. Civ. P. 12(d). The Sixth Circuit, however, takes "a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)," *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001), and certain documents therefore may properly be considered under Rule 12(b)(6) without converting the motion into one for summary judgment. For example, the Court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim or are public records. *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (citations omitted); *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) (citation omitted), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). The Court finds the documents attached to the motion to dismiss fall within these two categories. The first and fourth exhibits, a deed of trust and a trustee's deed, respectively, both are public records as they are recorded with the Register of Deeds for Sevier County, Tennessee. Both exhibits also are central to plaintiff's claims as they relate to the property and the foreclosure complained of. Likewise, the second and third exhibits are notices to plaintiff concerning the property at issue and relate to the complained of foreclosure.

property at 1768 New Era Road had been scheduled for a foreclosure sale on May 24, 2011 [*Id.*; Doc. 5-3]. Plaintiff failed to satisfy the payment obligations, and consequently, a foreclosure sale was held on May 24, 2011 [Doc. 1-2 ¶ 7; Doc. 5-4].

Defendants include with their motion a Trustee's Deed related to the subject property dated May 24, 2011 [Doc. 5-4], which includes a Servicemembers Civic Relief Act Affidavit and an Affidavit of Publication. In the Affidavit of Publication, Louise Watkins, a classified advertising account executive for the Knoxville News Sentinel, provides sworn testimony that the Knoxville News Sentinel is a newspaper of general circulation published in Sevier County, among others, and that legal advertisement appeared in the newspaper on April 28, 2011, May 5, 2011, and May 12, 2011 [*Id.*].

## II.   Analysis

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — U.S. —, —, 129 S. Ct. 1937, 1949 (2009).

4

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950 (citation omitted).

### A. TCPA Claim

With respect to his TCPA claim, plaintiff asserts GMAC "willfully engaged in unfair and deceptive trade practices by failing to exercise due care to remedy defects in title" [Doc. 1-2 ¶ 15–16]. Defendants argue the claim should be dismissed because the TCPA does not apply to repossession and collateral disposition activities by creditors, including foreclosure activities [Doc. 6]. The Court agrees with defendants, and will dismiss plaintiff's TCPA claim for this reason. *See Hunter v. Wash. Mut. Bank*, No. 2:08-CV-69, 2008 WL 4206604, at *5–6 (E.D. Tenn. Sept. 10, 2008) (granting bank's motion to dismiss TCPA claim based upon foreclosure); *Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 841–42 (Tenn. 1996) (affirming dismissal of TCPA claim and holding that bank's actions in repossessing collateral

did not affect trade or commerce within the meaning of the TCPA); *Davenport v. Bates*, No. M2005-02052-COA-R3-CV, 2006 WL 3627875, at *18–19 (Tenn. Ct. App. Dec. 12, 2006).

### B. Claim for Fraud and Intentional Misrepresentation

Plaintiff alleges the actions of GMAC "were part of a scheme to defraud and were intended to mislead [p]laintiff and gain time to bring said property to the auction block at foreclosure" [Doc. 1-2 ¶ 17]. Defendants argue plaintiff's claim is deficient because it fails to comport with Rule 9(b) of the Federal Rules of Civil Procedure [Doc. 6].

Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Sixth Circuit has directed that Rule 9(b) requires plaintiffs to allege the time, place, and content of the alleged misrepresentation, the fraudulent scheme, the fraudulent intent, and the injury resulting from the fraud. *United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008); *see also Travelers Cas. & Sur., Co., v. Pascarella*, No. 1:10-CV-157, 2011 WL 3468729, at *4 (E.D. Tenn. Aug. 8, 2011) (citation omitted). The Court has reviewed the complaint and agrees with defendants that it fails to detail the specific time, place, and content of any alleged misrepresentations. Therefore, plaintiff's claim for fraud and intentional misrepresentation will be dismissed.

### C. Claim for Negligent Misrepresentation

Plaintiff alleges the actions of GMAC in foreclosing on the property amounted to "negligent misrepresentation to the public concerning [plaintiff's] property" and that plaintiff

6

suffered economic harm and will "eminently" lose control of the property as a result of defendant's conduct [Doc. 1-2 ¶¶ 20–22].  Under Tennessee law, "[t]o succeed on a claim for negligent misrepresentation, a plaintiff must establish 'that the defendant supplied information to the plaintiff; the information was false; the defendant did not exercise reasonable care in obtaining or communicating the information and the plaintiff justifiably relied on the information.'" *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008) (citations omitted).  The Court agrees with defendants that plaintiff does not specify what information was supplied to him, nor does he allege what part of any information supplied to him was false.  Accordingly, plaintiff's claim for negligent misrepresentation will be dismissed.

### D. Claim for Breach of Contract

Plaintiff alleges that GMAC breached the Deed of Trust by not giving proper notice and by not allowing him to cure the alleged debts owed, and that defendants acted with malice, fraud, wanton, reckless, and willful misconduct when they refused to correct their own deficiencies [Doc. 1-2 ¶¶ 25–26].  He particularly complains that he was not notified by certified mail of the foreclosure sale and that the foreclosure sale was not published as required by Tennessee law [*Id.* ¶¶ 9, 12].

Defendants argue that plaintiff's allegations are "demonstrably false" [Doc. 6].  They point to the February 22, 2011 notification, notifying plaintiff of the right to foreclose [Doc. 5-2].  They also point to the April 25, 2011 notification, which was sent by certified and regular mail to plaintiff, included the notice of trustee's sale, and provided that the property

7

at 1768 New Era Road had been scheduled for a foreclosure on May 24, 2011 [Doc. 5-3]. Defendants also point out that legal advertisement of the sale appeared in the Knoxville News Sentinel on April 28, 2011, May 5, 2011, and May 12, 2011 [Doc. 5-4].

In light of defendants' arguments, and after reviewing the complaint and all documents attached to defendants' motion to dismiss, the Court finds that plaintiff has failed to state a plausible claim for breach of contract. Therefore, plaintiff's breach-of-contract claim will be dismissed.

### E. Claim for Slander of Title

Plaintiff alleges that GMAC's recording of a Deed of Trust on or about September 13, 2007, with the Register of Deeds of Sevier County, Tennessee, impugned plaintiff's title to the property [Doc. 1-2 ¶¶ 28–29]. Plaintiff further alleges GMAC's actions were intentional and malicious [*Id.* ¶¶ 30–31]. He also claims he could not sell the property at issue as a result [*Id.* ¶ 28].

Defendants argue they are unable to respond to this claim because they are unaware of a Deed of Trust recorded on or about September 13, 2007 [Doc. 6]. They submit, however, that a Deed of Trust was recorded on February 6, 2004, and that a Trustee's Deed was recorded on June 1, 2011 [*Id.*; Docs. 5-1, 5-4]. They further submit that if plaintiff intended to refer to one of those deeds, GMAC caused them to be recorded based upon a legitimate and good faith belief that it had a valid interest in the property.

To establish slander of title, a plaintiff must prove: "(1) that it has an interest in the property, (2) that the defendant published false statements about the title to the property, (3)

8

that the defendant was acting maliciously, and (4) that the false statements proximately caused the plaintiff a pecuniary loss." *Brooks v. Lambert*, 15 S.W.3d 482, 484 (Tenn. Ct. App. 1999) (citation omitted). "Statements made with reckless disregard of the property owner's rights or with reckless disregard as to whether the statements are false may be malicious within the scope of a libel of title action." *Id.* (citation omitted). "To assert this cause of action, the plaintiff must allege 'malice . . . in express terms or [by] any such showing of facts as would give rise to a reasonable inference that [the defendant acted maliciously.]'" *Id.* (alteration in original and citation omitted). "A good faith, but erroneous, claim of title does not constitute a cause of action for libel of title." *Id.* (citation omitted).

The Court finds plaintiff has failed to establish a claim for slander of title. Reviewing the complaint and the documents submitted by defendants in support of their motion to dismiss, it appears that GMAC caused both the 2004 and 2011 deeds to be recorded on the basis of a legitimate and good faith belief that it had a valid interest in the property. Moreover, even if a deed was recorded by GMAC on September 13, 2007, there are no allegations, except boilerplate, that GMAC acted maliciously, or even with reckless disregard, in doing so. Therefore, the Court will dismiss plaintiff's claim for slander of title.

### F. Claims Against Fannie Mae

Defendants assert that the allegations in the complaint are not directed against Fannie Mae [Doc. 6]. Finding no allegation against Fannie Mae asserted in the complaint, the Court agrees. Fannie Mae, therefore, will be dismissed from this action.

### III. Conclusion

Having found that all of plaintiff's claims should be dismissed against all defendants, the Court will **GRANT** Defendants' Motion to Dismiss [Doc. 5], and this case will be **DISMISSED**. The Clerk of Court will be **DIRECTED** to close this case. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE